{¶ 41} I concur with an opinion for the following reasons.
 {¶ 42} The use and acceptance of website content, forms, and state-sponsored web pages can be introduced as evidence before a trial court, via affidavit, so long as the items are properly identified. The court, or any party, can validate their authenticity by simply going to the website if a question is raised. A printout from the Secretary of *Page 14 
State's website can be authenticated and accepted as valid, reliable evidence by the trial court with a simple affidavit. Computer technology is forcing us to look beyond traditional evidentiary submissions to the "public" domain of the Internet for a variety of evidence.
 {¶ 43} Evid.R. 902 holds that many documents are self-authenticating, and, as such, other proof of authenticity as a condition precedent is not required.
 {¶ 44} The website of the Secretary of State can be considered self-authenticating as an "official publication," cf. Evid.R. 902(5), like copies of printed material, (i.e., newspaper articles) are under Evid.R. 902(6).
 {¶ 45} The proper method to challenge such admissions is not dependent upon whether the material contained in the publication has been verified. If claimed unreliable, the document may be impeached after its admission. State v. Greer (1988), 39 Ohio St.3d 236, at paragraph one of the syllabus. The proper method to challenge such admissions is a motion to strike or to submit contrary exhibits contradicting the authenticity or reliability of the underlying premise being proposed. Id. at 241-242.
 {¶ 46} Based upon the foregoing, I concur.